The Honorable Franklin D. Burgess

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| RACHEL DELAPLAINE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VANCOUVER, a municipal corporation, and JOHN STEIGLEDER and GEZELLE STEIGLEDER, husband and wife<br><br>Defendants. | No. C05-5387-FDB<br><br>STIPULATION AND PROTECTIVE ORDER |

This matter having come before the Court on the stipulation of the plaintiff and defendants for a protective order relating to matters of discovery in the above case, and the Court being fully advised, now, therefore,

IT IS HEREBY ORDERED that from the date of this Order all parties and attorneys shall abide by the following conditions relating to documents between the parties in this case:

STIPULATION AND AGREED
PROTECTIVE ORDER - 1

A. The term "confidential material" as used herein, shall mean:

(1) The Vancouver Police Department's Internal Affairs files that relate to any investigation of Vancouver Police Officers' conduct during an event or events that relate to factual allegations made by plaintiff in her complaint for damages, and shall include that portion of any responses to Interrogatories of the parties, Requests for Production by the parties, depositions of the parties, their agents, employees, and retained expert witnesses and consultants, and depositions of any witness that relate to said Internal Affairs file; and

(2) The personnel files of the City of Vancouver and/or the Vancouver Police Department.

B. Confidential material shall hereafter be used solely by the parties for the purpose of conducting this litigation and not for any other purpose without order of the Court or written consent of the parties or their counsel.

C. For purpose of conducting this litigation, confidential material may be used by and disclosed only to the following persons:

(1) The attorneys working on this action on behalf of either party and their employees;

(2) The parties, their representatives and their employees with knowledge of the matters which form the basis of this litigation;

(3) Any person, including expert witnesses and consultants, who is expressly retained by any attorney or party described in paragraphs (1) and (2) above, to assist in the preparation of this action for trial, whether or not their testimony is to be used at trial;

STIPULATION AND AGREED
PROTECTIVE ORDER - 2

  (4) Witnesses having knowledge of the writings or documents and matters disclosed therein; and

  (5) The Court.

 D. Any person who makes disclosure of confidential material under paragraph C of this Order shall advise each person to whom disclosure is made concerning the terms of this Protective Order.

 E. The persons described in subparagraphs (1) through (5) of Paragraph C above are enjoined from disclosing confidential materials or the substance thereof to any other person except in conformance with this Order and the laws relating to public disclosure.

 F. Neither this Stipulation nor anything contained herein shall prevent or prejudice the right of any party to apply to the Court for an Order striking the designation of confidentiality and removing documents, writings or information from the restrictions contained in this Order.  Any party may apply to the Court for an Order modifying this Order or imposing additional restrictions upon the use of confidential material.

 G. Subject to further order of the Court, any confidential material submitted or presented to or filed with the Court shall be filed in a sealed envelope or other sealed container marked "Confidential" subject to Protective Order, and with the name of the producing party, a statement that said documents are sealed pursuant to this Order and that it is not to be opened or the contents displayed or revealed except in conformity with further order of the Court.

  Electronic Filing:  If the confidential material is required to be submitted or presented or filed electronically with the Court, each page of the confidential material shall be marked

STIPULATION AND AGREED
PROTECTIVE ORDER - 3

1  "Confidential" subject to Protective Order, with the name of the producing party, and a statement
2  that said document is sealed pursuant to this Order and that the contents are not to be displayed
3  or revealed except in conformity with further order of the Court.  In the alternative, if
4  confidential materials are included in further pleadings as exhibits, the pleadings shall state that
5  any such exhibits that are attached to the pleadings shall be treated as confidential and are subject
6  to this Order, without the necessity of marking individual exhibits.

7        H.    At the conclusion of this matter all copies of any confidential materials produced by
8  the plaintiffs shall be returned to the plaintiff's attorney and all copies of any materials produced by
9  the defendants shall be returned to the attorneys for the defendant.

10       I.    Any disclosure beyond the above limitations shall require a written agreement
11 between the parties or their counsel, or in the event of no agreement, further Order of the Court as
12 described in Paragraph F.

13       J.    Violation of the terms of the Order shall be deemed contempt of court.  Penalty for
14 said contempt may include but not be limited to financial terms, exclusion from evidence of the
15 confidential material that was disclosed in violation of the order, and dismissal with prejudice of the

16 //
17 //
18 //
19 //
20 //
21 //

STIPULATION AND AGREED
PROTECTIVE ORDER - 4

offending party's cause of action or defense, and/or any other term deemed appropriate by the Court.

DATED this 7th day of April 2006.

*/s/ Franklin D. Burgess/*

FRANKLIN D. BURGESS

UNITED STATES DISTRICT JUDGE

Agreed to and presented by:

s/ Debra Quinn
Debra Quinn, WSBA# 21625
Assistant City Attorney
Attorney for Defendant City of Vancouver

Agreed to:

s/ Thomas S. Boothe
Thomas Boothe, WSBA# 21759
Attorney for Plaintiff

Agreed to:

s/ Roger Cartwright
Roger Cartwright, WSBA# 20140
Attorney for Defendants
John and Gezelle Steigleder

STIPULATION AND AGREED
PROTECTIVE ORDER - 5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Debra Quinn, Attorney for Defendant City of Vancouver
Thomas S. Boothe, Attorney for Plaintiff Rachel Delaplaine
Roger Cartwright, Attorney for Defendants John and Gezelle Steigleder

                                                  s/ Michelle Allan
                                                  Michelle Allan
                                                  Legal Assistant

STIPULATION AND AGREED
PROTECTIVE ORDER - 6

TED H. GATHE
CITY ATTORNEY
210 EAST 13TH STREET
VANCOUVER WA 98668
(360) 696-8251